IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

TERESA MYERS,                               )
                                            )
            Plaintiff,                      )
                                            )
     vs.                                    )
                                            )
CENTRAL PORTFOLIO CONTROL, INC.,            )
                                            )
            Defendant.                      )

## COMPLAINT

### INTRODUCTION

1. Plaintiff Teresa Myers brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Central Portfolio Control, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant transacts business within this District.

### PARTIES

4. Plaintiff Teresa Myers is an individual who resides in Moline, Illinois.

5. Defendant Central Portfolio Control, Inc. is a Minnesota corporation with its principal place of business in Minnesota. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6. Central Portfolio Control, Inc. is engaged in the business of a collection

1

agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Central Portfolio Control, Inc. is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from plaintiff a credit card debt incurred for personal, family or household purposes and not for business purposes.

9. On or about June 9, 2010, a representative of defendant first spoke to plaintiff at her place of employment. The representative told plaintiff that she would have her wages garnished if she did not pay up. Plaintiff asked her not to call her at work. The caller then called back and stated that she had called plaintiff's employer's human resources department and informed them that if plaintiff did not pay the debt her wages would be garnished.

10. The calls to plaintiff were placed from 888-769-9222, which is issued to defendant.

11. Plaintiff contacted human resources and learned that defendant had in fact informed plaintiff's employer of the debt.

12. As a result, plaintiff was aggravated, harassed, and coerced into making payments she could ill afford.

## COUNT I – FDCPA

13. Plaintiff incorporates paragraphs 1-12.

14. Defendant violated 15 U.S.C. §1692c.

15. Section 1692c provides:

> **§ 1692c.    Communication in connection with debt collection [Section 805 of P.L.]**
>
> **(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . .**
>
>> **(3)    at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such**

**communication.**

**. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)   Statutory and actual damages;

(2)   Attorney's fees, litigation expenses and costs of suit;

(3)   Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

16.   Plaintiff incorporates paragraphs 1-12.

17.   Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

18.   Defendant violated the following provisions of 225 ILCS 425/9:

**. . .(14) Initiating or threatening to initiate communication with a debtor's employer unless there has been a default of the payment of the obligation for at least 30 days and at least 5 days prior written notice, to the last known address of the debtor, of the intention to communicate with the employer has been given to the employee, except as expressly permitted by law or court order. . . .**

**(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**

19.   Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2.  (Effective January 1, 2008) Communication in connection with debt collection**

**Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following**

>    circumstances: . . .
>
>    **(3) At the debtor's place of employment, if the debt collector or collection agency knows or has reason to know that the debtor's employer prohibits the debtor from receiving such communication.**
>
>    **. . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

20. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

   a. Compensatory and punitive damages;

   b. Costs.

   c. Such other and further relief as is appropriate.


                                        s/ Daniel A. Edelman
                                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## VERIFICATION

I, Teresa Myers, declare under penalty of perjury that the facts stated in the foregoing complaint are true to the best of my knowledge and belief.

*Teresa Myers*
Teresa Myers

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                s/ Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)